# CRIMINAL COURT OF BALTIMORE CITY.

———

Filed March 5, 1926.

———

STATE
VS.
MAX SCHWARTZ.

———

*Assistant State's Attorney E. Milton Altfeld* for State of Maryland.

*Michael F. Freedman* and *Harry W. Nice* for defendant.

O'DUNNE, J.—

This case, though a simple charge of assault and battery, is, if I may use such expression pertaining to a criminal act, "charged with a public interest."

The defendant was accused of putting his hands on the limbs and breast of the prosecuting witness, designated in the papers as Agnes Glass. She is shown by the evidence to be a very respectable married woman with four children. Washington's birthday, being a legal holiday, she went with an infant child to a movie performance, I think at the Palace Theater. When the lights were out or dimmed, the defendant, who sat beside her, placed his hand upon her limbs on more than one occasion, later grew bolder and

passed his hand over her bust in a stroking fashion. She thereupon grabbed his hand and ordered his arrest. One of the "honorary deputy sheriffs," of which order we have read a good deal from time to time in the press, happened to be near by—Mr. Shuman, if I recall his name—and put the defendant under arrest. Defendant tried to get away, but the honorary deputy held him fast. As Mrs. Agnes Glass was about to state to the deputy and bystanders her cause of complaint, defendant whispered to her "not to tell."

Defendant in his testimony denied the charge, but did not deny the statement attributed to him that he told Mrs. Glass "not to tell," but said if he had made that statement at the time, it was not because he was guilty, so he said.

In addition to his own testimony he had a large number of eminently respectable friends and acquaintances, both men and women, who had known him for a great number of years, including Mr. Weinberg, constable of the People's Court, who had known him intimately for 14 years. Without exception they all gave him a splendid reputation, both for veracity and morality and decency generally.

The case came before this Court on appeal from the action of the magistrate who had found him guilty and sentenced him to three months in the House of Correction. Under the present law, appeals in such cases are tried de novo. He elected a jury trial. He was ably defended by Michael Freedman, Esq., and Harry W. Nice, Esq., himself once State's Attorney for Baltimore City. The State's interests were safe in the hands of E. Milton Altfeld. Unlimited time was allowed counsel for their arguments before the jury. The jury found him guilty. The Court is entirely satisfied that the finding of the jury was fully warranted by the evidence.

Under modern conditions, the movie theaters, of the better class, afford one opportunity for relaxation from the strain of modern life. We like to feel that when our wives and daughters, mothers and sisters, either singly or in groups, pass an hour or so at the movies for relaxation, diversion and amusement, they are protected from the lecherous hand of the occupant of the seat adjoining.

This Court is ever ready to extend reasonable leniency to the man, woman or child whom temptation has overtaken, who has made his or her first misstep, especially where it is an act of momentary impulse, without previous design, and where the crime, when detected, is freely confessed and repented of and mercy and consideration sought. No man's legal rights will be prejudiced in this Court by reason of his demanding his full legal rights in his defense, including compulsory process, the benefit of counsel, his day in Court, with full argument, his right to be confronted by his accusers and to cross-examine them, including the sacred right of trial by jury—all of which are part of his rich heritage from the common law.

But if after the exercise of his undoubted rights, he adds to these a perjured defense, in his efforts to escape justice, and if after exhausting all his legal remedies, a jury finds him guilty, he can not then expect the same degree of mercy which he might have invoked, hoped for, and perhaps obtained.

A jury has solemnly adjudicated defendant's guilt. This Court approves that verdict. The sentence appealed from was three months in the House of Correction. The sentence of this Court is six months in jail.